**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FIDEL RODRIGUEZ, ) <br> ) <br> Defendant. ) <br> ) | 3:20-cr-00006-RCJ-WGC <br><br> **ORDER** |

    Defendant pleaded guilty in this case and was sentenced to a total of 96 months' imprisonment. (*See* ECF No. 52.) The Court entered judgment on December 11, 2020. (*Id.*) Ms. Kathleen Bliss entered an appearance on behalf of Defendant on July 7, 2021. (ECF No. 53.) Defendant moves to have Ms. Bliss presented a copy of the presentence report (PSR) in this case. (ECF No. 54.) In the brief motion, Defendant merely posits that Ms. Bliss just started representing him and that the PSR would benefit this representation. (*Id.*) Defendant also moves to have a subpoena issued upon Washoe County Sheriff's Office "directing production of all detention records, including medical, psychiatric, and disciplinary; and all communications, including kites, telephonic recordings and copied mail for: Fidel Rodriguez, Date of Birth 06/ 11/1999, U.S. Marshal No. 56116-048, beginning on January 23 , 2020, through his release to Bureau of Prisons custody on

or about December 2020 - January 2021." (ECF No. 57.) In his motions, Defendant purports these materials are important for him to prepare for an anticipated 28 U.S.C. § 2255 motion. Currently, there are no other pending motions, and the case has been closed since the entry of judgment.

The Court first addresses the motion for the PSR. PSRs are to be held confidentially by this Court with only limited disclosure. LCR 32-2(a). Generally, they are only to be distributed to the parties by the Court for the purposes of sentencing. *Id.* The Court may however disclose the PSR "for purposes other than sentencing of the defendant only upon written application accompanied by an affidavit describing the records sought, explaining their relevance to the proceedings, and stating the reasons the information contained in the records is not readily available from other sources or by other means." LCR 32-2(c)(1). Defendant did not file an affidavit with his motion meeting these criteria. The Court therefore denies the motion without prejudice.

Turning to the motion for the issuance of a subpoena, the Court also finds this motion to be lacking. Defendant relies upon Fed. R. Crim. P. 17 as a basis for issuing the requested subpoena. This rule applies to ongoing criminal cases; Defendant failed to cite a single case where this rule was successfully invoked for discovery in anticipation of filing a § 2255 motion. This Court is unaware of any authority that would permit this Court to issue a subpoena to help a party prepare for the filing of a § 2255 motion. Indeed, courts have held that persons in Defendant's circumstances do not have a right to discovery prior to filing the motion. *See, e.g.*, *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) ("[Defendant] cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."); *United States v. Cole*, No. 5:09-CR-004-10-C, 2012 WL 13088780, at *2 n.3 (N.D. Tex. Apr. 17, 2012) ("[Defendant] is not entitled to discovery prior to filing a § 2255 motion."); *United States v. Shields*, No. 10-CR-30179-MJR, 2014 WL 4099369, at *1 (S.D. Ill. Aug. 20, 2014).

///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Disclose Presentence Report (ECF No. 54) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDER that Motion for Issuance of Subpoenas (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated January 3, 2022.

_____
ROBERT C. JONES
United States District Judge